David G. PERKINS, Plaintiff,

v.

Bob BERGLAND, Secretary of Agriculture, United States Department of Agriculture, et al., Defendants.

Thomas Y. PERKINS, Plaintiff,

v.

Bob BERGLAND, Secretary of Agriculture, United States Department of Agriculture, et al., Defendants.

Nos. Civ. 78–131 Pct. WPC, Civ. 78–132 Pct. WPC.

United States District Court, D. Arizona.

July 31, 1978.

William P. Mahoney, Jr., Phoenix, Ariz., for plaintiff David G. Perkins.

Michael A. Johns, Asst. U. S. Atty., Phoenix, Ariz., for defendants.

Mitchel D. Platt, of Platt & Hall, P. C., St. Johns, Ariz., for plaintiff Thomas Y. Perkins.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

These actions raise the issue whether the Secretary of Agriculture's decision to reduce the authorized utilization of national forest lands under a grazing permit is "agency action [which] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Plaintiffs Tom and David Perkins are third generation members of a family which has been in the cattle business in Yavapai County, Arizona, since the turn of the century. Prior to August 2, 1973, David Perkins was authorized to graze 158 head of cattle on lands allotted from the Prescott National Forest under a grazing permit issued by the Forest Service. On August 2, 1973, the forest supervisor substantially reduced the authorized use. Prior to November 28, 1972, Tom Perkins was authorized to graze 517 head of cattle on lands allotted from the forest. On November 28, 1972, the forest supervisor reduced the authorized use to 250 head of cattle, which was subsequently corrected to 266 head of cattle.

The decisions of the forest supervisor were upheld by the Secretary of Agriculture. After exhausting all administrative remedies, plaintiffs Tom and David Perkins brought separate actions requesting judicial review of the adverse agency determinations. For purposes of the pending motion for summary judgment, which raises a common issue of law, the Court will consolidate the actions. Fed.R.Civ.P. 42(a).

The judicial review chapter of the Administrative Procedure Act is not applicable when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

Judicial reviewability of administrative action is the rule and nonreviewability a narrow exception, the existence of which must be clearly demonstrated. *Arizona Power Pooling Ass'n v. Morton*, 9 Cir., 1975, 527 F.2d 721, 727, *cert. denied*, 1976, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761. The Supreme Court has stated that review is precluded only "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park v. Volpe*, 1971, 401 U.S. 402, 410 [91 S.Ct. 814, 821, 28 L.Ed.2d 136]. *See also, Ness Investment Corp. v. United States Department of Agriculture, Forest Service*, 9 Cir., 1975, 512 F.2d 706, 713. If, however, no law fetters the exercise of administrative discretion, the courts have no standard against which to measure the lawfulness of agency action. In such cases no issues susceptible of judicial resolution are presented and the courts are accordingly without jurisdiction. *Arizona Power Authority v. Morton*, 9 Cir., 1977, 549 F.2d 1231, 1239, *cert. denied*, 1977, 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97.

In considering whether administrative action is "committed to agency discretion by law" within the meaning of the APA, the test "is not whether a statute viewed in the abstract lacks law to be applied, but rather, whether '*in a given case*' there is no law to be applied." *Strickland v. Morton*, 9 Cir., 1975, 519 F.2d 467, 470 (emphasis in original). Thus the existence of some law generally applicable to the subject matter in question will not necessarily remove administrative action from the "committed to agency discretion" rubric. There is "law to apply," only if a specific statute limits the agency's discretion to act in the manner which is challenged.

*City of Santa Clara, Cal. v. Andrus*, 572 F.2d 660, 666 (9th Cir. 1978); *see Mollohan v. Gray*, 413 F.2d 349, 351 (9th Cir. 1969).

The Secretary of Agriculture's power to permit grazing on national forest lands is statutory.

> The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside or which may be hereafter set aside . . . and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction . . . .

16 U.S.C. § 551. Pursuant to section 551, permits to graze livestock in the national forest are issued by the Forest Service under rules promulgated by the Secretary of Agriculture. 36 C.F.R. pt. 231.

Section 551 sets forth no judicially cognizable standards to govern the exercise of agency discretion regulating cattle grazing on the national forest lands. Plaintiffs argue that 36 C.F.R. § 231.6, which limits the discretion of the Secretary to revoke or suspend a grazing permit, furnishes an adequate judicial standard. As a matter of law, however, the plaintiffs' permits were not suspended; rather, the Secretary reduced the allowable use of allotted lands. This reduction is implicitly provided for by the rules and regulations, *see* 36 C.F.R. §§ 231.2(b) and 231.3(b), and expressly provided for by the grazing permit. Exercise of this discretion to reduce allowable use is not susceptible to judicial review.

If we assume that the contract, instead of providing for the relinquishment of the grazing privileges for the year 1931 and

sufficient for 960 head of cattle, was to be a continuing obligation for an indefinite time in the future, the court would be confronted with still greater difficulties. The allotment of grazing area is exclusively for the Forest Service. The courts cannot interfere with this prerogative. It is a fact, as the prescribed regulations also indicate, that the number of cattle the range will support varies from year to year and also that different areas will furnish grazing for different numbers of cattle. The Forest Service might not agree with the court as to the extent and character of range required to graze 960 head of cattle. Furthermore, there is no description of the range rights of the appellees which appellant seeks to have relinquished or conveyed. . . .

So many of the elements involved are so indefinite and uncertain that the lower court properly held that the facts stated did not entitle appellant to a decree of specific enforcement.

*Bell v. Apache Maid Cattle Co.*, 94 F.2d 847, 850 (9th Cir. 1938); *see Osborne v. United States*, 145 F.2d 892, 894–895 (9th Cir. 1944). The Court concludes that no law fetters the decisions made by the Secretary of Agriculture in this action. Therefore,

IT IS ORDERED:

1. Defendant's motion to consolidate is granted.

2. Defendant's motion for summary judgment is granted in each case.

3. The Clerk shall forthwith enter judgments pursuant to Rule 58 Fed.R.Civ.P. that all relief is denied.